BEFORE THE JUDICIAL
PANEL OF MULTI-DISTRICT LITIGATION

|  |  |
|---|---|
| In re LAUGHLIN PRODUCTS, INC.<br>PATENT LITIGATION | :<br>:<br>:   MDL Docket No.<br>: |

MOTION FOR TRANSFER OF THE
LAUGHLIN PRODUCTS, INC. PATENT ACTIONS PURSUANT
TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407, Hollywood Tanning Systems, Inc. ("HTS") and its franchisees named in the actions,[1] hereby move the Judicial Panel on Multi-district Litigation (the "Panel") to transfer lawsuits now pending in eight (8) district courts to the United States District Court for the District of New Jersey, for consolidated and coordinated pre-trial proceedings. See Schedule of Lawsuits attached separately to Appendix of Exhibits as Exhibit "A."

In evaluating a motion to transfer under 28 U.S.C. § 1407, the Panel must examine the following factors: (1) the existence of common issues of fact; (2) whether centralization will serve the convenience of the parties and witnesses; and (3) whether centralization will promote the just and efficient conduct of the litigation. In re Mirtazapine Patent Litigation, 199 F. Supp.2d 1380, 1381 (J.P.M.L. 2002).

In support of this Motion, HTS and the named franchisees state the following:

1.       HTS is a franchisor of "Hollywood Tans" tanning salons.

---

[1] At the time of filing, this law firm has not yet received consent from Ronald and Bonnie Mackey (who have yet to be served) to represent them in their case and in the filing of this application. Accordingly, this application is filed on behalf of HTS and the named franchisees, except for the above listed individuals.

2. HTS manufactures and sells its franchisees a system for applying self-tanning solutions on the human body (the "HTS System"), which is marketed under the name "HT-9 Instant Tan."

3. In addition to acting as a franchisor, HTS also owns certain salons which use the HTS System.

4. Plaintiff Laughlin Products, Inc. ("LPI") is a competitor of HTS.

5. Both LPI and HTS sell and/or distribute booths for applying self-tanning solutions on the human body.

6. LPI claims that the use of the HTS System (the "HTS Method") by the "Hollywood Tans" salons infringes LPI's U.S. Patent No. 5,922,333 ("the '333 Patent") entitled "System for automatically coating the human body."

7. LPI has brought patent infringement actions against HTS and some of its franchisees in seven (7) United States District Courts — United States District Court for the Eastern District of New York, United States District Court for the District of Delaware, United States District Court for the Eastern District of Pennsylvania, United States District Court for the District of Maryland, United States District Court for the Eastern District of Virginia, United States District Court for the Northern District of Georgia and the United States District Court for the Southern District of Florida (the "Laughlin suits"). Copies of the complaints filed in the Laughlin suits are attached separately to Appendix of Exhibits as Exhibits "B" through "H."

8. The Laughlin suits also include a count of Common Law Unfair Competition, alleging unfair competition, palming off, unjust enrichment, and misappropriation. The Common Law Unfair Competition count arises out of the HTS method and HTS System.

9. Defendants in the Laughlin suits are franchisees of HTS and, in Florida, HTS, improperly pled as Hollywood Tans, Inc., in its capacity as operator of certain salons, not as franchisor.

10. Hollywood Tanning Systems, Inc. has agreed to defend and indemnify all of its franchisees with regard to the Laughlin suits. The franchisees of HTS have agreed to permit HTS to control the defense of the Laughlin suits and the same law firm will be representing HTS and its franchisees in all eight district court actions.

11. Except for the defendants named, all of the Laughlin suits filed by LPI are identical raising claims of patent infringement and common law unfair competition.

12. HTS, as operator and franchisor of "Hollywood Tans" salons, has also filed a complaint against LPI and Dr. Laughlin in the United States District Court for the District of New Jersey for a declaration of invalidity and non-infringement of the '333 Patent, unfair competition, defamation and disparagement and tortious interference with prospective economic advantage (the "HTS suit"). A copy of the complaint filed in the HTS suit is attached separately to Appendix of Exhibits as Exhibit "I."

13. HTS and its franchisees have yet to formally respond to the allegations in the Laughlin suits, but intend, consistent with the HTS suit, to defend Plaintiffs' actions by asserting that the '333 Patent is invalid and that HTS does not infringe upon the '333 Patent. HTS and its franchisees also intend to seek relief in the Laughlin suits from LPI and Dr. Laughlin for defamation, disparagement, unfair competition, and tortious interference with prospective economic advantage.

14. Each of the eight cases, namely the seven Laughlin suits and the single HTS suit, will address identical technical, factual and legal issues related to the liability of the HTS franchisees, namely the invalidity and non-infringement of the '333 Patent.

15. Each of the eight cases will likely require the same discovery, including documents from LPI and HTS, responses to written discovery, and the deposition of witnesses from both entities. Each case would also require the same claim construction process and <u>Markman</u> hearing, as well as the filing of extensive summary judgment motions.

16. Of particular note, Edward McClain, the inventor of a patent and technology on a similar method and device, who will be a key witness in the litigation, lives in New Jersey. Mr. McClain is 72 years old.

17. HTS's documents and its principal witnesses, including but not limited to Ralph Venuto and David Rahn, are all located in New Jersey.

18. HTS's and its franchisees' responses to LPI's Complaint in the Laughlin suits are not due until August 29, 2002.

19. HTS anticipates serving LPI and Dr. Laughlin with the HTS lawsuit on August 9, 2002 with a response to the HTS suit then not due until August 29, 2002.

20. There are nearly 140 "Hollywood Tans" salons in the United States, with close to a majority operating in New Jersey, with others in Pennsylvania, Delaware, New York, Connecticut, Maryland, Virginia, Georgia and Florida. New Jersey and Connecticut are the only states where there are salons that LPI has not filed an action against HTS and its franchisees. There are a total of three HTS salons operating in Connecticut. In the states where LPI has filed actions, not all of HTS's franchisees have been named, nor has HTS been named in every action.

21. In analyzing the eight district court cases, there are common issues of fact; centralization of the cases would serve the convenience of the parties and witnesses and centralization of the cases would promote the just and efficient conduct of the litigation.

**WHEREFORE**, HTS and its named franchisees respectfully request that all the cases identified above be transferred to the United States District Court for the District of New Jersey, Camden Vicinage, for coordinated and consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407.

Dated:  August 9, 2002                    By: _____
                                              LAURENCE SHTASEL
                                              JONATHAN M. KORN
                                              Woodland Falls Corporate Park
                                              210 Lake Drive East, Suite 200
                                              Cherry Hill, New Jersey  08002
                                              (856) 779-3600

                                              One Logan Square
                                              Philadelphia, PA 19103
                                              (215) 569-5500
                                              Attorneys for Hollywood Tanning Systems, Inc. and the named franchisees (see Exhibit "A" to Appendix of Exhibits)